CAMPBELL PRINTING PRESS AND MANUFACTURING COMPANY, APPELLANT, *v.* STILLMAN R. WALKER, RESPONDENT.

*Conditional sale of property — effect of a judgment recovered in an action of replevin brought to recover property because of a default in payment of the purchase-price — right to bring a second action to cut off any lien thereon of the purchaser.*

The plaintiff sold and delivered to Frank Tousey four printing presses under a conditional contract of sale by which the title was to remain in the plaintiff until the purchase-price should be fully paid. Tousey retained the possession of the machines about three years, when, after making payments on account of the purchase-money, in partial execution of the executory contract of sale, amounting to some $6,700, he made a general assignment for the benefit of his creditors to the defendant in this action. After the property went into the possession of the defendant the plaintiff brought an action of replevin for the recovery of the same, in reliance upon those provisions of the contract under the terms of which the title was to remain in it, and obtained a judgment therein under which the property was restored to, and is still retained by it. Thereafter the plaintiff commenced this action for the foreclosure of any lien which the defendant might have upon the property.

*Held,* that the action could not be maintained as the judgment demanded therein could only be rendered upon the theory that the defendant had some lien or interest in the property, which theory would be in direct conflict with the theory upon which the judgment in the first action was rendered.

APPEAL from a judgment entered in Kings county, upon the trial of this action by the court without a jury, dismissing the complaint upon the merits.

The action was brought to foreclose any interest that Frank Tousey and the defendant Walker as his assignee under a general assignment, might have in four printing presses of the value of $8,000.

In December, 1881, the plaintiff agreed to sell Frank Tousey the four printing presses on about eighteen months' credit, Tousey giving his notes for the purchase-price. It was also agreed in the contract that Tousey was to give security for the payments made by note, and until such security was given the title to the presses was to remain in plaintiff. After Tousey had been in possession of the presses nearly three years and had paid on account about $6,700 he made a general assignment to defendant Walker. Walker took possession of the presses, claiming to be the owner thereof, as assignee. The plaintiff, in order to establish its title to the presses, brought an action of replevin, in which judgment was entered in its favor. Thereafter, the defendant Walker claiming to have some interest or equity in said presses or some right to the moneys theretofore paid, the plaintiff brought this action to foreclose any and all equities, and procure a sale under the direction of this court. The justice below dismissed the complaint upon the ground that the contract was one of conditional sale; that the replevin action was an election on plaintiff's part to enforce a forfeiture, and that plaintiff's remedy, if any, was an action at law for damages.

*Charles De Hart Brower*, for the appellant.

*George W. Stephens*, for the respondent.

DYKMAN, J.:

The plaintiff sold and delivered to Frank Tousey four printing presses under a conditional contract of sale by which the title remained in the plaintiff until the purchase-price was fully paid. Tousey retained the possession of the machines about three years, and paid on account of the purchase-money in partial execution of the executory contract of sale over six thousand dollars, when he made a general assignment for the benefit of his creditors to the defendant in this action.

The property went into the possession of the defendant under the assignment to him, and then in the forepart of the year 1885 the plaintiff brought an action of replevin for the recovery of the same in reliance upon that portion of the contract which reserved the title and provided for its continuance in the vendor. That action was prosecuted to a conclusion and resulted in a judgment in favor of the plaintiff under which the property was restored to the company, where it has since remained. Thereupon the plaintiff commenced this action for the foreclosure of any lien which the defendant may have upon the property. The complaint was dismissed by the trial court and the plaintiff has appealed from the judgment. Under the contract of sale by which the possession of the property was acquired by the vendee, the legal rights of the parties are well defined in this State. The rights of the vendee were those of a bailee only. He was the lawful custodian of the property and the bailee of the plaintiff until the purchase-price was paid in full, but he acquired no title against the plaintiff, and upon his failure to pay in pursuance of the terms of the contract the title remained in the plaintiff as fully as if neither sale nor delivery thereof had been made or attempted, and the defendant occupies the position of his assignee. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Ballard* v. *Burgett*, 40 id., 314.) The plaintiff invoked the aid of this severe principle of law in its first action for the recovery of the possession of this property in question, and the judgment of the court was awarded to him in obedience to its dictates, and the possession and the title were united and the rights of the plaintiff became absolute and undivided.

These considerations seem to be sufficient for the determination of this appeal. The plaintiff has been awarded the possession of the property in question, because its right thereto was absolute and no title passed from the company or vested in Tousey under the contract of sale, and now, after the acquisition of that adjudication, it seems to be the object of this action to procure a judgment which shall foreclose all interest of the defendant in the property. Should the plaintiff obtain a judgment in this action, pursuant to the prayer of the complaint, it would be in diametrical opposition to the theory upon which the judgment in the first action between these same parties was procured. Such a judgment could only go

upon the theory of a lien upon or interest in the property sufficiently tangible for the basis of an action of foreclosure, while the first judgment was awarded upon the theory of an entire absence of interest in the defendant. Why should this plaintiff be permitted to pursue these contradictory courses? Why should this company again drag this defendant into the thorny field of litigation when its rights have been fully adjudicated and its interests well defined and protected, and when it is in the unchallenged possession of the property, upon which it may repose in security and safety without even a threat of interference?

The claim seems to be that while the rights of the company are well adjusted and protected at law, yet they may be disturbed by a court of equity; but if the rights of the plaintiff are perfect at law, there can be no interference by a court of equity for their disturbance. Whatever may be said in behalf of the defendant and his assignor, there is no reason for the interposition of a court of equity in favor of the plaintiff. Our examination has proceeded upon principle, but we have discovered no authority requiring any different conclusion. There was no appeal by the defendant from the portion of the judgment dismissing his counter-claim, and therefor no consideration is given to that subject.

The judgment should be affirmed, with costs.

Barnard, P. J., and Pratt, J., concurred.

Part of the judgment appealed from affirmed, with costs.